Ephraim W. Woodman *versus* Peter Ranger.

A process of forcible entry and detainer, cannot be sustained, under chap. 128, of the Revised Statutes, unless the complaint *allege* that the relation of landlord and tenant had subsisted between the parties; or unless either the entry or detainer was forcible.

This was an action of forcible entry and detainer, founded upon chap. 128 of the Revised Statutes.

The plaintiff offered to prove the relation of landlord and tenant between the plaintiff and defendant, and that the tenancy had expired previous to giving the thirty days notice; plaintiff further proved that he gave the defendant notice in writing more than thirty days before filing his complaint.

Whitman, the presiding Judge, ruled that the action could not be maintained on the second section of the statute unless the complainant could show that the entry and detention, one or both, were forcible. And that it could not be maintained

Woodman *v.* Ranger.

on the fifth section, because there was no allegation in the complaint, that the complainant was landlord and the respondent his tenant, and that his tenancy had been determined.

A nonsuit was ordered, as complainant did not propose to prove either a forcible entry or detainer; and the plaintiff excepted.

*Cram*, for complainant.

*Tripp*, for defendant.

By the Court. — The nonsuit was rightly ordered.